PEOPLE v. KENNEDY.

1. PERJURY—FALSE SWEARING.
   False swearing is essential to the crime of perjury (CL 1948, § 750.423).

2. SAME—FALSE SWEARING—PRELIMINARY EXAMINATION.
   Basing a charge of perjury on an examination at which no evidence of false swearing was adduced and binding over the defendant for trial on such charge, held, an abuse of discretion, even though at subsequent trial the testimony sustained the people's charge (CL 1948, § 750.423).

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Perjury §§ 8–10.
[2] 41 Am Jur, Perjury §§ 33, 43, 48, 57, 59,

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 2 June 9, 1967, at Detroit. (Docket No. 3,052.) Decided February 9, 1968.

Edward Kennedy was convicted of perjury. Defendant appeals. Reversed and information quashed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Robert W. Leutheuser,* Chief Appellate Counsel, *Thomas G. Plunkett,* Chief Assistant Prosecuting Attorney, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*J. Leonard Hyman,* for defendant.

T. G. KAVANAGH, J. Edward L. Kennedy, formerly the Royal Oak township (Oakland county) supervisor, was convicted on a charge of perjury before a grand jury.

Complaint to the effect that he had committed perjury was made and a preliminary examination was conducted at which the people produced only 1 witness who testified that Kennedy had accepted a bribe.

Following the preliminary examination, a general information charged him with perjury on 3 counts, the first and second concerning testimony before the grand juror on January 13, 1966, and the third concerning testimony before the grand juror on June 22, 1965.

A motion to quash the information was made and counts 1 and 3 were quashed. The defendant went to trial on, and was convicted of perjury on the second count.

This appeal makes 12 assertions of error, consideration of only 1 of which is necessary to decision in this case:

Did the examining magistrate err in binding the defendant over for trial on the charge of perjury?

It is admitted in the agreed statement of facts that at the preliminary examination the prosecution failed to prove that the defendant had made a statement under oath to the grand juror. Although this fact was subsequently established at the trial, this failure at the preliminary examination is fatal to the people's case.

Absent evidence tending to show false swearing, there is no evidence upon which to base a charge of perjury. The crime of perjury is defined in CL 1948, § 750.423 (Stat Ann 1954 Rev § 28.665):

"Any person authorized by any statute of this State to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in the State prison not more than 15 years."

Thus false swearing is essential to the crime of perjury.

To base a charge of perjury on an examination at which no evidence of false swearing is adduced and to bind over a defendant for trial on such charge is manifestly an abuse of discretion. As the court said in *People* v. *White* (1936), 276 Mich 29, 31, 32:

"The failure of the people to sustain their charge may be unfortunate, in view of the subsequent testimony at the trial, but it would be more unfortunate to upset established and well understood rules of law."

See, also, *People* v. *Asta* (1953), 337 Mich 590.

For this reason the conviction must be set aside and the information quashed.

FITZGERALD, P. J., and LEVIN, J. concurred.