## PEOPLE v. KENNEDY

CRIMINAL LAW — JURISDICTION — CIRCUIT COURT — INFORMATION QUASHED WITHOUT REMAND.

   Circuit court was without jurisdiction to remand case of defendant to magistrate for further examination after Court of Appeals had set aside previous conviction and quashed information without remanding the case for trial.

Appeal from Oakland, Ziem (Frederick C.), J. Submitted Division 2 November 15, 1968, at Lansing. (Docket No. 5,759.)   Decided November 27, 1968. Rehearing denied January 17, 1969.   Leave to appeal granted May 23, 1969.   382 Mich 757.

Edward Kennedy was convicted of perjury.   Defendant appeals from order of Circuit Court remanding case for further examination after Court of Appeals set aside conviction and quashed information.   Reversed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, and *Dennis Donohue*, Chief Appellate Counsel, for the people.

*Hyman, Gurwin, Nachman & Friedman,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 11 *et seq.*

PER CURIAM.   Defendant was convicted of per-
jury* after trial.   This Court on appeal in *People
v. Kennedy* (1968), 9 Mich App 346, quashed the in-
formation for failure of the preliminary examina-
tion to establish one of the essential elements of the
crime charged.   The matter was not remanded to
the trial court.

Subsequently, the people moved the trial court to
remand the cause to the magistrate for further ex-
amination and the motion was granted.   This appeal
from order granting the motion to remand raises the
following question:

"Did the trial court have jurisdiction to remand
the cause for further examination after the Court
of Appeals had set aside the conviction and quashed
the information?"

Although GCR 1963, 802.1, and *Hoffman* v. *Secu-
rity Trust Company of Detroit* (1931), 256 Mich 383,
are authority for the rule that perfection of an ap-
peal vests jurisdiction in the appellate court, this
does not answer the next question presented here
of what happens to a cause when the appellate court
has entered its decision reversing the lower court.

It is the opinion of this Court that in the absence
of affirmative steps taken to revest jurisdiction in
the lower court, such jurisdiction does not again
attach.   In the absence of an order remanding the
instant case to the trial court, it had no jurisdiction
to take further steps in the cause.

Reversed.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON,
JJ., concurred.

* CL 1948, § 750.422 (Stat Ann 1954 Rev § 28.664).