## PEOPLE *v.* KENNEDY

1. APPEAL AND ERROR—COURTS—JURISDICTION.

   Generally, appellate courts do not retain jurisdiction of causes after handing down opinions and entry of orders in pursuance thereof.

2. APPEAL AND ERROR—COURTS—COURT RULES—RETURN OF ORIGINAL RECORD.

   The rules governing both the Michigan Supreme Court and the Michigan Court of Appeals contemplate return of the original record to the court from which the appeal was taken and this procedure obtains whether the appeal results in affirmance, reversal or remand for a specified purpose (GCR 1963, 812.11, 902[3]).

3. COURTS—APPEAL AND ERROR—ORDERS.

   A court speaks through its orders; thus, appellate courts can, and often do, enter orders directly affecting the rights of the parties and they can and often do enter orders which completely dispose of the litigation, leaving nothing for the trial court to do upon re-transmission of the record.

4. APPEAL AND ERROR—COURTS—FINAL ORDER—JURISDICTION—RETURN OF RECORD.

   Every final order on appeal unless otherwise expressly provided sets in motion the clerical process of re-transmission to the lower court and, upon proper return of the record, the lower court is again vested with jurisdiction over the cause.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–9] 4 Am Jur 2d, Appeal and Error § 352 *et seq.*
5 Am Jur 2d, Appeal and Error § 959 *et seq.*
Power of appellate court to reconsider its decision after mandate has issued. 84 ALR 579.

5. APPEAL AND ERROR—MANDATE—COURTS—JURISDICTION.

A lower court reacquires the jurisdiction which it lost by the taking of review proceedings, when the mandate of an appellate court is filed in the lower court.

6. APPEAL AND ERROR—REMAND—COURTS.

On remand, a trial court may consider and decide any matters left open by the appellate court, and it is free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision.

7. APPEAL AND ERROR—COURTS—JURISDICTION—INDICTMENT AND INFORMATION—MOTION TO QUASH.

Jurisdiction reattached in the circuit court for all purposes not inconsistent with the decision of the Court of Appeals, after it held that the trial court had improperly denied a motion to quash an information prior to trial.

8. INDICTMENT AND INFORMATION—QUASHING INFORMATION—BINDING DEFENDANT OVER—COURTS.

Upon the Michigan Court of Appeals quashing an information, the criminal prosecution reverted to the preinformation stage and the defendant remained bound over to circuit court upon the magistrate's return but the circuit court was bound by the decision of the Court of Appeals that the examining magistrate abused his discretion in finding probable cause to bind defendant over for trial which conclusion was the law of the case.

9. CRIMINAL LAW—INDICTMENT AND INFORMATION—APPEAL AND ERROR—PRELIMINARY EXAMINATION—REMAND FOR FURTHER EXAMINATION.

Cause should be remanded to the circuit court for reinstatement of its order of remand and transmitted to the magistrate for further examination where the Michigan Court of Appeals had found the preliminary examination legally insufficient to support the information.

Appeal from Court of Appeals, Division 2, Fitzgerald, P. J., and R. B. Burns and Robinson, JJ., reversing Oakland, Frederick C. Ziem, J. Submitted May 6, 1970. (No. 5 April Term, Docket No. 52,344.) Decided February 15, 1971.

14 Mich App 360 reversed.

Edward Kennedy was convicted of perjury. Defendant appealed to Court of Appeals from order of circuit court remanding case for further examination after Court of Appeals set aside conviction and quashed information. Reversed. Plaintiff appeals. Reversed and remanded to circuit court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Hyman, Gurwin, Nachman, Friedman & Weingarden* (by *Lawrence Halpern*), for defendant.

T. E. BRENNAN, J.

### THE CASE

The defendant, Edward L. Kennedy, was charged with having committed perjury in testimony before a grand jury in Oakland County. He was convicted and on November 29, 1966, sentenced to 1–1/2 years to 15 years in prison.

Defendant appealed his conviction and sentence to the Court of Appeals. The Court held[1] that the trial court had improperly denied a motion to quash the information prior to trial, there being no evidence of false swearing presented before the magistrate upon preliminary examination.

After the decision by the Court of Appeals, the people filed a motion in circuit court asking that the cause be remanded to the magistrate for further examination. This motion was granted by the trial judge. Defendant's application for leave to appeal from the order of remand was granted in the Court of Appeals.

---

[1] 9 Mich App 346 (1968).

The Court of Appeals in a *per curiam* opinion[2] reversed the circuit court, stating that the circuit court was without jurisdiction because the earlier appellate decision[3] had not remanded the case to the trial court.

Plaintiff's application for leave to appeal to the Supreme Court was granted after application to the Court of Appeals for a rehearing had been denied.

### FIRST ISSUE

Whether jurisdiction, for any purpose, reattached in circuit court after the decision in *People* v. *Kennedy* (1968), 9 Mich App 346.

### DISCUSSION

As a general rule, appellate courts do not retain jurisdiction of causes after handing down opinions and entry of orders in pursuance thereof.

The rules governing both this Court and the Court of Appeals contemplate return of the original record to the court from which the appeal was taken.[4] This procedure obtains whether the appeal results in affirmance, reversal or remand for a specified purpose.

Under our former practice, this transmission of the original record to the lower court was called the *remittitur*. *Reynolds* v. *Newaygo Circuit Judge* (1896), 109 Mich 403. In other jurisdictions, it is sometimes referred to as a *procedendo* or simply the *mandate*.

Our General Court Rules of 1963 use the terms "order"[5] and "final process".[6]

---

[2] 14 Mich App 360 (1968).
[3] 9 Mich App 346 (1968).
[4] GCR 1963, 812.11, 902(3).
[5] GCR 1963, 821.1, 866.
[6] GCR 1963, 821.2, 866.

Under whatever name, it is axiomatic that a court speaks through its orders. Appellate courts can, and often do, enter orders directly affecting the rights of the parties. They can and often do enter orders which completely dispose of the litigation, leaving nothing for the trial court to do upon re-transmission of the record.

But every final order on appeal unless otherwise expressly provided sets in motion the clerical process of re-transmission to the lower court.

Upon return of the record, the lower court is again vested with jurisdiction over the cause. *Department of Conservation* v. *Connor* (1948), 321 Mich 648.

When the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction which it lost by the taking of the review proceedings. 5 Am Jur 2d, Appeal and Error, § 990, p 417.

"On remand, the trial court may consider and decide any matters left open by the appellate court and is free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision." 5 Am Jur 2d, Appeal and Error, § 992, pp 419, 420.

## Conclusion

After the decision in *People* v. *Kennedy* (1968), 9 Mich App 346, jurisdiction reattached in the circuit court for all purposes not inconsistent with the decision of the Court of Appeals.

## Second Issue

Whether the circuit court could properly remand the case to the magistrate for further examination

where the appellate court had found the examination legally insufficient to support an information charging perjury.

## DISCUSSION

In the first appeal—*People* v. *Kennedy* (1968), 9 Mich App 346,—the Court of Appeals set aside the judgment of conviction and quashed the information. Upon quashing of the information the criminal prosecution reverted to the pre-information stage. The defendant remained bound over to circuit court upon the magistrate's return. *Mentor* v. *People* (1874), 30 Mich 91; *Dimmers* v. *Hillsdale Circuit Judge* (1939), 289 Mich 482. By its decision, the Court of Appeals concluded that the examining magistrate abused his discretion in finding probable cause to bind the defendant over for trial. That conclusion was the law of the case. The circuit court was bound by it.

Upon receipt of the decision of the Court of Appeals quashing the information, Circuit Judge Ziem stood in exactly the same position as did then Circuit Judge Quinn in the case of *People* v. *Miklovich* (1965), 375 Mich 536. Both cases were remanded to the magistrate for further examination. In sustaining the action of the circuit court in *Miklovich,* we said,

"In support of his contention that the circuit court had no jurisdiction to remand to the examining magistrate, defendant argues that since under CL 1948, § 766.13 (Stat Ann 1954 Rev § 28.931) the magistrate must discharge the defendant if he finds that no offense has been committed or that there is not probable cause for charging the defendant therewith, it therefore follows that the circuit court upon a similar finding, under a motion to quash the infor-

mation, has no authority to order a further examination.

"Defendant's argument is without merit. The discharge by an examining magistrate upon examination of a person accused of a crime is not a bar to his subsequent arrest, examination, and trial for the same offense because he has not been placed in jeopardy. Jurisdiction, having once vested in the circuit court, was not lost by virtue of the granting of the motion to quash the information. Therefore, the circuit court had authority, upon motion of the prosecutor, to remand to the examining magistrate for further examination." *People v. Miklovich, supra,* pp 538, 539.

The decision of the Court of Appeals vacating the order of the circuit court remanding the cause to the magistrate for further examination is reversed, and this cause is remanded to the circuit court for reinstatement of its order of remand and transmittal to the magistrate for further examination.

A<small>DAMS</small>, J., concurred with T. E. B<small>RENNAN</small>, J.

T. M. K<small>AVANAGH</small>, C. J., and B<small>LACK</small>, J., concurred in the result.

T. G. K<small>AVANAGH</small>, S<small>WAINSON</small>, and W<small>ILLIAMS</small>, JJ., did not sit in this case.