PEOPLE v PATRICK

PEOPLE v MAZER

1. SEARCHES AND SEIZURES—ELECTRONIC SURVEILLANCE—PEACE OFFI-
CERS—JUDICIAL ORDER—CONSENT.

It is generally impermissible for police officers to conduct an
electronic surveillance, wiretap, or record a conversation of
private persons without an order to do so issued by an independ-
ent magistrate, but the judicial order is not necessary where
one party to the conversation consents to the interception of
the conversation by police authorities or their agents, or the
use of electronic equipment (18 USC 2511).

2. CRIMINAL LAW—EVIDENCE—MOTION TO SUPPRESS—PRESERVING
QUESTION.

Motions to strike a police officer's testimony as being hearsay and
to suppress electronic tape evidence made by defendants at a
district court preliminary examination and renewed prior to
arraignment in the circuit court properly raised the issue of
whether a valid consent was given to justify electronic surveil-
lance by the police; the issue of consent was therefore pre-
served for appeal even though the defendants did not object to
the questionable testimony when it was introduced at the
preliminary examination.

3. CRIMINAL LAW—SEARCHES AND SEIZURES—ELECTRONIC SURVEIL-
LANCE—CONSENT—PRELIMINARY EXAMINATION.

The trial court erred in denying defendants' motion to quash the
examination prior to arraignment on the information where
the prosecutor relied upon consent to justify the lawfulness of
electronic surveillance of the defendants but failed to fulfill the
burden of showing that a valid consent to such surveillance was
freely and voluntarily given; the proper procedure to follow in
the case is a remand to the district court for further examina-
tion.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 68 Am Jur 2d, Searches and Seizures §§ 24, 46.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 March 8, 1973, at Lansing. (Docket Nos. 14481, 14482.) Decided April 26, 1973. Leave to appeal denied, 390 Mich —.

Dale Patrick and John Mazer were charged with obstructing justice and conspiracy to obstruct justice. Defendants' motion to quash the examination prior to arraignment on the information was denied. Defendants appeal by leave granted. Remanded to circuit court with instructions to remand to district court for further examination.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Frank R. Knox,* Chief Appellate Counsel, and *Charles Lowther,* Assistant Prosecuting Attorney, for the people.

*John I. Bain (Victor G. Hanson,* of counsel), for defendant Dale Patrick.

*Marvin J. Frankel* and *Bruce O. Wilson (Victor G. Hanson,* of counsel), for defendant John Mazer.

Before: DANHOF, P. J., and HOLBROOK and BASHARA, JJ.

HOLBROOK, J. Defendants herein were granted leave to appeal from an order which denied defendants' motion to quash the examination prior to arraignment on the information.

On February 17, 1970, an order for warrant was issued charging John Mazer and Dale Patrick with obstructing justice in violation of MCLA 750.505; MSA 28.773, and with conspiracy to obstruct justice in violation of MCLA 750.157a; MSA 28.354(1).

The preliminary examination was begun in the 47th District Court on June 8, 1970. The only witness called was detective Garden of the Farm-

ington police department. It is necessary to relate the background and conditions surrounding detective Garden's involvement in the case.

Sometime in December 1969 Pat Bradley, 17 years of age, was kidnapped and assaulted and money demanded of him by Janice Conklin, Glenn Graves, and Daniel Patrick. The complainant Pat Bradley, an alleged drug user, had allegedly stolen a quantity of drugs from a group in Detroit, some of whom allegedly kidnapped Bradley because of the theft and his failure to either pay for the goods or return them. A complaint and warrant was issued against Conklin, Graves, and Patrick.

On January 15, 1970, Pat Bradley allegedly informed detective Garden that he had been contacted that day by the father of Daniel Patrick, Dale Patrick, a defendant herein. Dale Patrick wanted Pat Bradley to discuss the charges against his son with his son's attorney John Mazer. The plans were for the defendants to come to Pat Bradley's home later that day. Detective Garden with the claimed consent of Pat Bradley went to Bradley's parents' home and set up an electronic device in the living room to pick up the conversation between the parties later that day. When the parties met that afternoon no other member of the Bradley family was present. Detective Garden had retired to a bedroom in the house and remained there during the conversation and until after the defendants left the home. This testimony is contained in Volume I of the transcript taken June 8, 1970.

The preliminary examination was adjourned to July 13, 1970, when detective Garden again testified. He stated that Pat Bradley had been contacted again by defendant Patrick who inquired if Bradley would accept a cash settlement and not

testify, that Pat Bradley then met defendant Mazer at the Belaire Bowling Lanes where they allegedly agreed to a payoff of $1500. On February 5, 1970, detective Garden took Pat Bradley to a Michigan State Police post where he was equipped with an electronic transmitter. Three Farmington police officers and two state police detectives then accompanied Pat Bradley to recorder's court in Detroit where he met defendant Mazer. Nothing came of this meeting apparently because defendant Mazer informed the Detroit police department that he feared some type of "frame". While there detective Garden indicated that he wanted to talk to defendant Mazer and as a result detective Garden and Chief Deadman of the Farmington police department talked to defendant Mazer at the Farmington police department office that afternoon. This conversation was recorded and defendant Mazer asked that the recording be played at the preliminary examination. A special record was made and it was admitted into evidence. At this point the people rested. Defendant Mazer's counsel asked that Lt. Boggs of the Detroit police department and Pat Bradley be produced. The preliminary examination was adjourned to September 25, 1970, in order to secure the presence of these witnesses. On September 25, 1970, the preliminary examination was continued and at the request of defendants Pat Bradley was called as a witness. At that time defendants objected to his testifying but the objection became moot when Pat Bradley refused to testify, invoking his Fifth Amendment rights, and declined to testify prior to consulting with an attorney. The people then moved to bind over both defendants to circuit court for trial. Defendants requested and were given time to file briefs with the district court.

On October 3, 1970, defendants' counsel made a motion to suppress the electronic evidence, a motion to strike hearsay testimony, and a motion to quash the complaint and warrant. Argument was held on that date and then adjourned to allow the prosecutor to file a brief in opposition to the motions. On January 28, 1971, the people filed a reply memorandum.

On May 3, 1971, the district court bound defendants over to circuit court for trial. Arraignment was set for May 14, 1971. Arraignment was adjourned to permit the filing on May 25, 1971, of the motion which is the subject of this appeal. The hearing on the defendants' motion was adjourned to allow the prosecutor to file a brief. On December 8, 1971, the people filed their brief and praeciped the motions for hearing on December 29, 1971. Because of illness the matter was adjourned to April 6, 1972. Substitution of counsel for defendant Mazer caused another delay and the motion was heard on May 19, 1972, and denied. On May 30, 1972, an order was entered remanding the matter to the district court for further argument.

On July 14, 1972, this Court granted emergency leave to defendants to appeal the order denying the defendants' motion to quash examination prior to arraignment on the information.

Defendants first assert that the electronic tape of the conversation between defendants and Pat Bradley was an illegal search of the property of the defendants under the Fourth Amendment to the United States Constitution. They cite the case of *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967), in support of their position. Generally speaking, it is impermissible for police officers to conduct an electronic surveillance, wiretap, or record a conversation of private persons

without an order to do so issued from an independent magistrate. 18 USC 2511(1); *Katz v United States, supra.* The requirement of a judicial order is not necessary where one party to the conversation consents to the interception of the conversation by police authorities, their agents, or the use of electronic equipment. *United States v White,* 401 US 745, 749; 91 S Ct 1122, 1125; 28 L Ed 2d 453, 457 (1971); 18 USC 2511(2)(c).

The claim of the people that defendants were not in a position to object to the admission of the testimony in question is not tenable, for they were parties to the conversation, which established their standing to object. *Alderman v United States,* 394 US 165; 89 S Ct 961; 22 L Ed 2d 176 (1969).

Although defendants did not object to the questionable testimony when it was introduced, a motion to strike the police officer's testimony as being hearsay and a motion to suppress the electronic tape evidence were made by defendants in the district court. These motions challenged the validity of the claimed consent. The motions were also renewed prior to arraignment in the circuit court. The issue of a valid consent was properly raised in the proceedings and is preserved on appeal. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 312, pp 374–375.

In the case of *Bumper v North Carolina,* 391 US 543, 548–549; 88 S Ct 1788, 1792; 20 L Ed 2d 797, 802 (1968), it is stated:

"When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority."

See also *People v Kaigler,* 368 Mich 281, 294 (1962).

We are constrained to rule that under the valid testimony adduced at the preliminary examination the people failed to fulfill their burden of showing that a valid consent was in fact freely and voluntarily given.

The trial court upon denying the motion of defendants remanded the matter to the district court for further argument. In view of our decision herein such a remand would be of no value.

We therefore conclude that the proper procedure to follow in this case is a remand to the district court for further examination. *People v Miklovich,* 375 Mich 536 (1965), and *People v Kennedy,* 384 Mich 339 (1971). This matter is ordered remanded to the circuit court and for its order of remand as herein modified and transmitted to the magistrate for further examination.

We do not retain further jurisdiction of the case.

All concurred.