PEOPLE v LUMBARD

Docket No. 78-858. Submitted September 4, 1979, at Grand Rapids.—
Decided November 21, 1979.

Cynthia Lumbard was convicted of perjury for filing a false
written declaration of her financial status on an application for
welfare assistance, Kent Circuit Court, George R. Cook, J. In
her application for assistance she substantially misrepresented
the amount of her income and savings. On appeal from her
conviction defendant argues that the declaration required by
the Social Welfare Act is not an oath within the contemplation
of the perjury statute. *Held:*

The plain words of the social welfare statute, which require
"a declaration under the penalties of perjury" that all facts
contained in an application are true, evidence a legislative
intention that the crime of perjury be charged against anyone
who intentionally files an untruthful application for welfare
assistance.

Affirmed.

PERJURY — OATH REQUIRED BY LAW — SOCIAL WELFARE ACT —
APPLICATION FOR ASSISTANCE — UNTRUTHFUL APPLICATION —
STATUTES.

The Social Welfare Act requires "a declaration under the penal-
ties of perjury" that all facts contained in an application for
welfare assistance are true; the plain words of the statute
evidence a legislative intention that the crime of perjury be
charged against anyone who intentionally files an untruthful
application (MCL 400.25, 750.423; MSA 16.425, 28.665).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*

REFERENCES FOR POINTS IN HEADNOTE
60 Am Jur 2d, Perjury §§ 13, 21.
73 Am Jur 2d, Statutes §§ 145, 146.
79 Am Jur 2d, Welfare Laws § 112.
Criminal liability in connection with application for, or receipt of,
public relief or welfare payments. 92 ALR2d 421.

Prosecuting Attorney, and *Carol S. Irons*, Assistant Prosecuting Attorney, for the people.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendant.

Before: ALLEN, P.J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. Defendant-appellant, Cynthia Lumbard, appeals of right her December 7, 1977, jury conviction of perjury. MCL 750.423; MSA 28.665. On February 10, 1978, defendant was sentenced to a term of 3 to 15 years imprisonment. We affirm.

The statute under which defendant was convicted provides:

"Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in a state prison for not more than 15 years."

Defendant was convicted of perjury for filing a false written declaration of her financial status on an application for welfare assistance. Section 25 of the Social Welfare Act, MCL 400.25; MSA 16.425, provides, in pertinent part:

"* * * All statements in the application [for assistance] shall be over the signature or witnessed mark of the applicant * * * and shall include a declaration under the penalties of perjury that the application has been examined by or read to the applicant * * * and, to the best of the applicant's * * * knowledge, that all facts are true in each material point and are complete * * *."

In her application for assistance defendant substantially misrepresented the amount of her income and savings. Defendant argues on appeal that the declaration required by § 25 of the Social Welfare Act is not an "oath" within the contemplation of the perjury statute.

Defendant cites as authority for her position the decision of this Court in *People v Emmons,* 11 Mich App 660; 162 NW2d 117 (1968). There, a panel of this Court held that the defendant could not be convicted of perjury for swearing falsely to an assumed name certificate where an oath as to the truth of the certificate was not required or authorized by either the assumed name statute or the forms provided pursuant to it.

Unlike the situation in *Emmons,* the applicable statute in this case does require "a declaration under the penalties of perjury" that all facts contained in the application are true. The plain words of this statute evidence a legislative intention that the crime of perjury be charged against anyone who intentionally files an untruthful application for welfare assistance.

Affirmed.