PEOPLE v KASPARIS

Docket No. 54407. Submitted April 21, 1981, at Detroit.—Decided June 17, 1981.

Chris P. Kasparis was charged in 37th District Court with filing a false monthly sales tax return and perjury in connection with the preparation of the return. Defendant moved to quash the perjury charge on the ground that he had not made a false swearing. The motion was granted and the perjury charge dismissed, Thomas E. Kennedy, J. An interlocutory appeal was taken and the Macomb Circuit Court reversed the decision of the district court in an opinion and order entered on September 2, 1980, Kenneth N. Sandborn, J. Defendant sought leave to appeal to the Court of Appeals and leave was granted on November 24, 1980. *Held:*

The gravamen of the offense of perjury is false swearing. Under the general perjury statute, an oath must be authorized or required by law before a person making a false statement in connection with the oath may be convicted of perjury. While the General Sales Tax Act required a taxpayer to sign his tax return, it did not require that the signature be under oath. The only time an oath was authorized under the act was where the Department of Treasury questioned a return or failure to file a return. The Department of Treasury could give notice and require a hearing and, at such hearing, could have required the taxpayer to render, under oath, such statements as the department deemed sufficient to show whether or not the person was subject to taxation. The return defendant filed was not made under oath nor was it made after notice or pursuant to investigation. Therefore, no oath was authorized or required by the tax act and the general perjury statute does not apply.

The decision of the circuit court is reversed and the order of the district court quashing the perjury charge is reinstated.

REFERENCES FOR POINTS IN HEADNOTES

[1,3,6] 60 Am Jur 2d, Perjury § 5.
    Statement of belief or opinion as perjury. 66 ALR2d 791.
[2, 6] 60 Am Jur 2d, Perjury § 17.
[4] 73 Am Jur 2d, Statutes § 295.
[5] [No Reference]

1. Perjury — False Swearing.

The gravamen of the offense of perjury is false swearing.

2. Perjury — False Statement — Internal Revenue Service.

An individual who knowingly makes a false statement pursuant to Internal Revenue Service form 1040 does not commit the crime of perjury.

3. Perjury — Oath Required by Law.

The crime of perjury is not committed by falsely swearing an oath unless the oath that is falsely sworn is one that is required or authorized by law (MCL 750.423; MSA 28.665).

4. Criminal Law — Statutes — Judicial Construction.

Statutes imposing criminal penalties are to be strictly construed.

5. Criminal Law — Statutes — Convictions.

A person may not be convicted under the language of a statute unless his acts are clearly encompassed by its terms.

6. Perjury — General Sales Tax Act — False Returns — Statutes.

The language of the General Sales Tax Act did not expressly state that the penalties of perjury would attach to a person convicted of filing a false return pursuant to the act; consequently, even if the act of signing a false return is considered to be an oath, it is not an oath authorized by statute or required by law and the general perjury statute does not apply (MCL 205.51 *et seq.,* 750.423; MSA 7.521 *et seq.,* 28.665).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brockman* and *Paul L. Bricker,* Assistants Attorney General, for the people.

*Ginn, Kramer & Jacobson, P.C.* (by *Marty A. Burnstein* and *Marvin Kramer),* for defendant.

Before: N. J. Kaufman, P.J., and Allen and D. C. Riley, JJ.

D. C. Riley, J. Defendant was charged in a two-count complaint with filing a false monthly sales tax return in violation of MCL 205.74; MSA 7.545 and perjury in connection with the preparation of

the return in violation of MCL 205.74; MSA 7.545 and the general perjury statute, MCL 750.423; MSA 28.665.

Defendant successfully moved in district court to quash the perjury count on the ground that he had not made a "false swearing". An interlocutory appeal was taken to the Macomb County Circuit Court, where the judge reversed in an opinion and order entered on September 2, 1980. Defendant sought leave to appeal to this Court and leave was granted on November 24, 1980.

The pertinent facts are as follow. Beginning in February of 1978, defendant leased a catering truck from Pat's Catering Service of Warren, Inc., in Warren, Michigan. The business sells ready-to-eat food and drinks to route drivers who, in turn, resell the food and drink items from their trucks at industrial and commercial establishments. Defendant was such a catering-truck driver.

In connection with the business, the defendant was required to, and did, sign and file monthly sales tax returns. The prosecution contends that the statements contained in the defendant's March, 1979, return were false and made with the intent to defraud the State of Michigan. In the present appeal, defendant contends, as he did below, that he is not subject to a perjury prosecution because the sales tax return he filed was not under oath, sworn to, or verified. The sales tax return signed by the defendant contained the following language:

"TAXPAYER'S CERTIFICATION:[1] Under penalties

---

[1] In the instant case, the document which is the basis for this prosecution was a certification only, unaccompanied by an oath. From the general texts, it is clear that the primary difference in law between a certification and an oath or verification is that the former is an unsworn statement whereas an oath or verification is a state-

of perjury, I hereby certify that I have examined the return and that the statements made and the figures shown herein and in all accompanying schedules are to the best of my knowledge and belief a true and complete return made in good faith."

The first issue is whether defendant's signing of the sales tax return, as provided by the Michigan Department of Treasury, constituted a "swearing to" or "verification" of the return within the meaning of former MCL 205.74; MSA 7.545, thereby subjecting defendant to the strictures of the general perjury statute.

The prosecution in the instant case is brought under the former General Sales Tax Act (repealed by 1980 PA 164). The former act provided in pertinent part:

"In addition to the foregoing penalties, any person who shall knowingly *swear to or verify* any false or fraudulent return, or any return containing any false or fraudulent statement, with the intent to defraud or to aid, abet or assist in defrauding the state, shall be guilty of the offense of perjury, and on conviction thereof, shall be punished in the manner provided by law." Former MCL 205.74; MSA 7.545. (Emphasis added.)

The general perjury statute provides:

"Any person *authorized by any statute* of this state to take an oath, or any person of whom an oath *shall be required by law,* who shall, wilfully *swear falsely,* in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury * * *." MCL 750.423; MSA 28.665. (Emphasis added.)

ment under oath. Compare 14 CJS, Certify, p 114 with 92 CJS, Verification and Verify, pp 996-998. Compare also, 6A Words and Phrases, Certify, pp 85-89, with 44 Words and Phrases, Verify, pp 220-223.

It is clear from the above that both acts require a false *swearing,* that is, a statement made under *oath.* Indeed, the gravamen of the offense of perjury is false swearing. In *People v Kennedy,* 9 Mich App 346; 155 NW2d 855 (1968), the defendant was accused, pursuant to the general perjury statute, of making a false statement under oath to a grand juror. The prosecution failed to introduce evidence at the preliminary examination that the statement was made under oath. This Court held that "false swearing is essential to the crime of perjury". *People v Kennedy, supra,* 348.

The people point to Internal Revenue Service (IRS) form 1040 and offer language contained therein as evidence that the language contained in the sales tax return is understood to be a verification within the meaning of the general perjury statute:

"Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete." IRS form 1040.

The people's reliance on IRS form 1040 is misplaced. An individual who knowingly makes a false statement pursuant to form 1040 does not commit the crime of perjury. The language of form 1040 is authorized by federal statutes[2] and was analyzed in *Escobar v United States,* 388 F2d 661

[2] 26 USC 7206 provides in pertinent part:

"Any person who * * *.

"(1) Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; * * * shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

(CA 5, 1967), a prosecution under the federal statute. In *Escobar,* the Court of Appeals held that conviction pursuant to the statute does not constitute perjury.

"The language 'made under penalties of perjury' is of purely historical significance. The phrase remains in the present statute as a 'catch phrase' or 'signpost' to indicate what types of documents are covered by the statute. * * *
"When viewed in this light it is understandable that Congress left the phrase in the statute and that the Internal Revenue Service left the statement in its return forms after the statute requiring the returns to be sworn to was repealed." (Footnotes omitted.) *Escobar, supra,* 664-665.

In 1979, the Michigan State Bar committee for the revision of the criminal code published a proposed Second Revised Criminal Code. Chapter 49 contains the following:

"4901. Definition of terms * * * (1) The definitions in Section 4501 and 4701 are applicable in this chapter unless the context otherwise requires.
"(2) *'Oath' includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated. For the purpose of this chapter, written statements shall be treated as if made under oath under either of the following circumstances:*
*"(a) The statement was made on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are made under penalties of perjury."* (Emphasis added.)

The Committee comments include the following:

"The term 'oath' as defined in Section 4901(2) also includes an affirmation. This is consistent with present policy [see, *e.g.,* CL 1970, Sections 500.1432 and

600.1434]. *A new concept, adopted by Model Penal Code Section 241.3 and New York Revised Penal Law Section 210.45, is introduced in subparagraph (2)(a) of Section 4901. Under this provision, statements made on official forms bearing notice that answers are made under penalties of perjury will be treated as if they were made under oath.* This will be applicable primarily to matters covered under Section 4906 [perjury in the second degree] rather than Section 4905 [first degree], since the latter is limited to statements made in official proceedings. Subparagraph (2)(a) is designed to provide government agencies with a convenient method of demanding the truth in applications and registrations without resort to the cumbersome procedures of requiring oaths before notaries. In terms of the function of the perjury provisions, it should not matter whether the state's special emphasis on receiving truthful information is indicated by a requirement of an oath or affirmation, or by written notice on a government form." (Emphasis added.) Committee Commentary to §§ 4905-4906, p 468.

The foregoing illustrates that the drafters of the proposed criminal code were of the opinion that the terms "oath" or "false swearing" as presently used in the general perjury statute do not include statements made on official forms bearing notice that answers are made under the penalties of perjury.

The next question is whether the Department of Treasury was "authorized" or "required by law" to include on its return forms the notification that answers are made under the penalty of perjury.

In *People v Emmons,* 11 Mich App 660; 162 NW2d 117 (1968), this Court reversed the perjury conviction of a defendant who was convicted pursuant to the assumed name statute, MCL 445.1; MSA 19.821, after falsely signing a notary's certification. The statute did not require an oath or affidavit. The Court stated that the fact that the

defendant swore falsely as to the truth of the certificate was of no significance if the oath was not required or authorized.

"The crime of perjury under our statute, *supra,* is not committed unless the oath is one that is authorized or required by law." *People v Emmons, supra,* 661.

By comparison, a perjury conviction was upheld by this Court in *People v Lumbard,* 94 Mich App 16; 287 NW2d 354 (1979), where the defendant filed an application for welfare assistance which contained false statements. The application form signed by defendant contained a declaration that under the penalties of perjury the application had been read by the applicant and that the facts contained therein were true. In that case, however, the Social Welfare Act[3] contained explicit authority for such a provision to be included on the welfare application form. This Court held that:

"The plain words of this statute evidence a legislative intention that the crime of perjury be charged against anyone who intentionally files an untruthful application for welfare assistance." *People v Lumbard, supra,* 18.

In the present prosecution, the former General Sales Tax Act did not require a sworn or verified return. Section 6 of that act simply required that "[t]he monthly return shall be signed by the taxpayer or his duly authorized agent * * *". MCL

---

[3] Section 25 of The Social Welfare Act provides:

"All statements in the application [for assistance] shall be over the signature or witnessed mark of the applicant * * * and shall include a declaration under the penalties of perjury that the application has been examined by or read to the applicant * * *, and, to the best of the applicant's * * * knowledge, that all facts are true in each material point and are complete * * *." MCL 400.25; MSA 16.425.

205.56; MSA 7.527.[4] Therefore, while the act required the taxpayer to sign the return, it did not require that the signature be under oath.

The only provision of the General Sales Tax Act empowering the Department of Treasury to use oaths is contained in section 17:

"Whenever in the judgment of the department it is necessary, it may require any person, by notice served upon him, to make a return, render under oath such statements, or keep such records, as the department deems sufficient to show whether or not such person is liable to tax under this act." MCL 205.67; MSA 7.538.

That section appears only to apply when the Department of Treasury questions a return or failure to file a return. It may give notice and require a hearing and, at such hearing, it may require the taxpayer to render under oath such statements as the department deems sufficient to show whether or not the person is subject to taxation. The return which is the subject of the present prosecution was not made under oath. Nor was it made after notice or pursuant to investigation. Therefore, that section is inapplicable in this context.

Finally, we note that statutes imposing criminal

---

[4] Section 6 of the former General Sales Tax Act provides:

"(1) The taxpayer shall, unless otherwise provided by law, or as required pursuant to subsection (3) of this section, on or before the fifteenth day of each month, make out a return for the preceding month on a form prescribed by the department, showing the entire amount of all sales and gross proceeds of his business, the allowable deductions therefrom, and the amount of tax for which he is liable, and he shall transmit the return, together with a remittance for the amount of the tax, to the department, on or before the fifteenth day of the month. The monthly return shall be signed by the taxpayer or his duly authorized agent, and if prepared for the taxpayer by any other person, the return shall so state, giving the name and address of such person and be signed by such person, and giving the name of his employer, if any." MCL 205.56; MSA 7.527.

penalties are strictly construed. A person may not be convicted under the language of a statute unless his acts are clearly encompassed by its terms. *People v Lyons,* 93 Mich App 35; 285 NW2d 788 (1979), *People v Kirstein,* 6 Mich App 107; 148 NW2d 539 (1967). The language of this statute did not expressly state that the penalties of perjury would attach to a person convicted of filing a false return pursuant to the act. Consequently, even if the act of signing this tax return by the defendant was an "oath", it was not an oath "authorized by statute" or "required by law". Therefore, the prosecutor should not have charged the defendant under the general perjury statute.

The decision of the circuit court is reversed and the order of the district court quashing Count II is reinstated.

We retain no further jurisdiction.

No costs, a statutory interpretation being involved.