PER CURIAM.
Nelson Melendres, a Miami-Dade police officer, was convicted of “perjury committed during official proceedings” following an incident where he improperly altered his time sheet[1] and then made false statements concerning the alteration during a police internal affairs investigation. We find that the conviction was supported by sufficient evidence, and affirm.
We disagree with Melendres’s contention that his sworn statement given during a police internal affairs investigation was not given during an “official proceeding.” Certainly, the procedures set in place for police internal affairs investigations, and the protections afforded therein to the officer under investigation, are adequate to be considered as “official proceedings” under the perjury statute. See §§ 112.532-533, Fla. Stat. (1995).
Melendres also argued that it was improper for the trial judge to exclude much of his evidence concerning Melen-dres’s prior difficulties with one of his police sergeants, Sergeant Bruckner. We disagree. The problems between Melen-dres and Bruckner occurred some three years (and more) prior to the incident in question, and were properly excluded as irrelevant when there was no showing that Bruckner had any connection whatsoever to the alteration of Melendres’s time sheet.
The voir dire issue raised by Melendres was not preserved for appellate review.
For the aforementioned reasons, we affirm.

. The document at issue here was a “court attendance slip”, a form police officers must fill out and have time-stamped when they attend court appearances. A machine at the courthouse time-stamps the forms. Melen-dres's form was stamped at 10:12 by the machine. The time was altered by pen to appear as 10:00. The difference in times would entitle Melendres to an extra hour of overtime pay.