The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Sanford B. SCHUPPER,
Defendant–Appellee.

No. 04CA1224.

Colorado Court of Appeals,
Div. I.

May 18, 2006.

Rehearing Denied June 29, 2006.

John R. Newsome, District Attorney, William Edie, Deputy District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

Dennis W. Hartley, P.C., Dennis W. Hartley, Colorado Springs, Colorado, for Defendant–Appellee.

ROMÁN, J.

The People appeal the trial court's ruling that granted a judgment of acquittal on the charges against defendant, Sanford B. Schupper. We disapprove the ruling.

Schupper was charged with felonies in an unrelated matter and applied for court-appointed counsel. In his application, Schupper stated that he had no monthly income and received no salary for the prior four months. Above the signature line, the application form stated, "I swear under penalty of perjury that the following information is true and complete." Defendant filed the application with the county court clerk.

Initially, the office of the public defender was appointed to represent Schupper based on his application. After the People contested the appointment, the trial court determined that Schupper had "considerable assets and bank accounts" and revoked the appointment.

The People then brought charges against Schupper for first degree perjury, violation of bail bond conditions, attempt to influence a public servant, and offering a false instrument for recording based on his application for court-appointed counsel. At the close of the People's case, the trial court granted Schupper's motion for judgment of acquittal on all charges.

■ The People may appeal any decision of a court in a criminal case upon any question of law. Section 16–12–102(1), C.R.S. 2005; *People v. Miller*, 97 P.3d 171 (Colo. App.2003). However, nothing in this provision "shall authorize placing the defendant in jeopardy a second time for the same offense." Section 16–12–102(1); *People v. Argomaniz–Ramirez*, 102 P.3d 1015 (Colo. 2004).

■ To determine the merits of a motion for judgment of acquittal, the court must view the relevant evidence as a whole and in the light most favorable to the People. Thus viewed, the motion must be denied when the evidence is substantial and sufficient to sup-

port a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Gonzales,* 666 P.2d 123 (Colo.1983); *People v. Jackson,* 972 P.2d 698 (Colo.App.1998).

■ Moreover, we review a trial court's interpretation of a statute de novo. When interpreting a statute, we attempt to implement the intent of the General Assembly. To discern that intent, we look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meanings. We avoid constructions that defeat the obvious intent of the General Assembly. *People v. Terry,* 791 P.2d 374, 376 (Colo.1990); *People v. Miller, supra.*

## I. First Degree Perjury

The People first contend the trial court erred in dismissing the charge of first degree perjury against Schupper. We agree.

A person commits perjury in the first degree if in any official proceeding the person knowingly makes a materially false statement, which the person does not believe to be true, under an oath required or authorized by law. Section 18–8–502(1), C.R.S.2005.

Here, the trial court dismissed the first degree perjury charge because it determined that Schupper's application for court-appointed counsel (1) was not made under oath and (2) was not part of an official proceeding. Specifically, the court found that "no official oath was given to Mr. Schupper at any time by any official, that's either one designated by the statute to give an oath or even by someone who is not designated by statute to give an oath."

The court further found that to constitute an official proceeding under *People v. Chaussee,* 847 P.2d 156 (Colo.App.1992), aff'd in part and *rev'd in part on other grounds,* 880 P.2d 749 (Colo.1994), "a person authorized to administer oaths must be somehow involved, and even in the written interrogatories, that is at least a notary public." Because the court found that "in this case there's no evidence that anyone was authorized" in such a manner, it held the filing of "the affidavit"

with the public defender's office did not constitute an official proceeding.

### A. Oath

■ "Oath" includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated. Section 18–8–501(2)(a), C.R.S.2005. A written statement shall be treated as if made under oath if the statement was made on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable. Section 18–8–501(2)(a)(I), C.R.S.2005.

An oath is "required or authorized by law" when the use of the oath is specifically provided for by statute, court rule, or appropriate regulatory provision. Section 18–8–501(2)(b), C.R.S.2005. Section 21–1–103(3), C.R.S.2005, provides that a defendant shall submit an appropriate application for representation by a public defender and that "the form of [the application] shall state that such application is signed under oath and under the penalty of perjury and that a false statement may be prosecuted as such." This provision further states that before the trial court appoints a public defender based on such an application, the court shall advise the defendant "that the application is signed under oath and under the penalty of perjury."

Above the signature line on the court-appointed counsel application form is the affirmation, "I swear under penalty of perjury that the following information is true and complete," as required by § 21–1–103(3). Because § 21–1–103(3) authorizes notice of the punishment of false statements, such an oath is "authorized by law." *See* § 18–8–501(2)(b). Therefore, pursuant to the express terms of § 18–8–501(2)(a)(I), the application shall be treated as if made under oath because its form bears notice, authorized by law, to the effect that false statements made therein are punishable.

Moreover, we are not persuaded by Schupper's argument that we should give deference to the trial court's finding that "no official oath was given to Mr. Schupper at any time by any official." While this factual finding is not clearly erroneous, *see People in Interest of S.G.,* 91 P.3d 443 (Colo.App.2004)(we ac-

cept the court's factual findings unless they are so clearly erroneous as to find no support in the record), it is not dispositive of whether Schupper signed his application under oath.

Thus, by signing the application for court-appointed counsel, Schupper made the statements contained therein under oath.

### B. Official Proceeding

■ An "official proceeding" means a proceeding heard before any legislative, judicial, administrative, or other government agency, or official authorized to hear evidence under oath, including any magistrate, hearing examiner, commissioner, notary, or other person taking testimony or depositions in any such proceeding. Section 18–8–501(3), C.R.S.2005.

In Colorado, the office of the state public defender is an agency of the state judicial branch that provides legal services to indigent persons accused of crimes. Section 21–1–101(1), C.R.S.2005. The public defender determines indigency based on the submission of an application for representation made under oath. A copy of the application shall be sent to the prosecuting attorney for review, and upon request, the court shall hold a hearing on the issue of eligibility for appointment of the public defender's office. Section 21–1–103(3).

In *People v. Chaussee, supra,* a division of this court determined that the difference between first and second degree perjury depends upon whether the false statements made under oath occurred during an official proceeding. That division held, as a matter of law, that false statements committed in replies to interrogatories during civil litigation constitute perjury in the first degree. However, no Colorado court has considered whether, after a defendant is charged with a crime in an official proceeding, the defendant's application for court-appointed counsel itself constitutes an official proceeding under § 18–8–501(3).

We are persuaded by authority from other jurisdictions that such an application constitutes part of an official proceeding. In *State v. Witte,* 451 So.2d 950 (Fla.Dist.Ct.App. 1984), the court considered whether a conference to obtain sworn testimony before filing a criminal indictment is an official proceeding pursuant to a similar felony perjury statute. The court determined that the conference was mandated by Florida statutes and rules of criminal procedure, even though witnesses were not required to be subpoenaed or testimony to be recorded. Thus, the court held that "a proceeding is not made official by the formality with which it is conducted; instead, its officiality depends on its purpose and the authority from which it derives." *State v. Witte, supra,* 451 So.2d at 953.

Other authority supports the holding in *State v. Witte. See Slavens v. State,* 1 Ark. App. 245, 614 S.W.2d 529 (1981)(sworn statement to prosecuting attorney acting as grand jury equivalent constitutes a proceeding); *Hagberg v. Cal. Fed. Bank FSB,* 32 Cal.4th 350, 7 Cal.Rptr.3d 803, 81 P.3d 244 (2004)(acknowledging the general rule that communication to an official agency designed to prompt action is part of an official proceeding); *Melendres v. State,* 739 So.2d 1237 (Fla.Dist.Ct.App.1999)(sworn statement given during a police internal affairs investigation is given during an official proceeding); *State v. Blaisdell,* 253 A.2d 341 (Me. 1969)(false statements about property ownership made to bail commissioner constitute perjury); *People v. Lumbard,* 94 Mich.App. 16, 287 N.W.2d 354 (1979)(filing a false declaration of financial status on an application for welfare assistance constitutes perjury); *State v. Meehan,* 7 Neb.App. 639, 585 N.W.2d 459 (1998)(sworn statement used in connection with a criminal case against another constitutes perjury); *State v. Jacobson,* 74 Wash. App. 715, 876 P.2d 916 (1994)(filing affidavit constitutes an official proceeding when affiant knew it would be used in pending litigation).

■ Likewise, false statements in an application for counsel under the federal Criminal Justice Act subject the applicant to penalties for perjury. *United States v. Harris,* 707 F.2d 653 (2d Cir.1983); *see also United States v. Tibbs,* 600 F.2d 19 (6th Cir.1979)(submitting an affidavit with false statements to the court subjects a person to prosecution for perjury).

■ Moreover, the federal perjury statute applies to ex parte proceedings or investigations as well as ordinary adversary suits and proceedings. *United States v. Hvass,* 355 U.S. 570, 78 S.Ct. 501, 2 L.Ed.2d 496 (1958); *see also United States v. Lee,* 359 F.3d 412 (6th Cir.2004)(18 U.S.C. § 1623 requires proof that the false declaration was made in a proceeding before or ancillary to any federal court); *Hodgkinson v. United States,* 5 F.2d 628 (5th Cir.1925)(upholding the defendant's perjury conviction based on false statements regarding ownership of property in affidavit to become a bail bond surety).

We consider the authority from these other jurisdictions persuasive and hold that, as a matter of law, an application for court-appointed counsel constitutes part of an official proceeding under § 18–8–501(3).

Accordingly, we conclude the trial court erred in dismissing the charge of first degree perjury.

## II. Violation of Bail Bond Conditions

■ We also agree with the People that the trial court improperly dismissed the charge of violation of bail bond conditions because the court improperly dismissed the charge of first degree perjury, which serves as the underlying felony for this violation of bail conditions charge.

## III. Attempt to Influence a Public Servant

■ The People next contend the trial court erred in dismissing the charge of attempt to influence a public servant. We agree.

Any person who attempts to influence any public servant by means of deceit or by threat of violence or economic reprisal against any person or property, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning any matter which is to be considered or performed by him or the agency or body of which he is a member, commits a class four felony. Section 18–8–306, C.R.S. 2005.

■ Section 18–8–306 clearly prohibits a person from using deceit or threats of violence or economic reprisal to influence a public servant's actions. *People v. Janousek,* 871 P.2d 1189 (Colo.1994). The critical elements of this offense are (1) an attempt to influence a public servant (2) by means of deceit or by threat of violence or economic reprisal (3) with the intent to alter or affect the public servant's decision or action. *People v. Norman,* 703 P.2d 1261 (Colo.1985).

Applying statutory construction rules, the Colorado Supreme Court noted that "deceit" is not defined in the statute but is a term of common usage such that people of ordinary intelligence need not guess at its meaning. The court therefore referred to the dictionary definition of "deceit" as "any trick, collusion, contrivance, false representation, or underhand practice used to defraud another." *People v. Janousek, supra,* 871 P.2d at 1196 (quoting *Webster's Third New International Dictionary* 584 (1986) ).

Here, the trial court dismissed the attempt to influence a public servant charge because the court found no evidence existed "that the defendant in this case made any attempt to influence [the court reviewing the indigency determination] in making [its] decision, other than to submit the affidavit." The court dismissed the charge because it found that the reviewing court "exercised [its] free and unfettered decision on that."

■ However, the trial court improperly applied the statutory elements of the crime of attempt to influence a public servant. First, we note that whether the public servant was actually influenced by the defendant's attempts is not an element of the crime. *See* § 18–8–306; *People v. Norman, supra.* Second, although the case law on this point may have primarily involved threats of violence, it does not nullify the statutory element of deceit as an attempt to influence a public servant. In fact, to rule as the trial court did would render the deceit element meaningless.

In applying the elements of attempt to influence a public servant to this case, we conclude that the charge that Schupper attempted to influence a public servant through deceit should not have been dismissed. The People presented evidence that Schupper used "deceit" in the form of false

representations on his application in order to influence a public servant with the intent to alter or affect his or her decision to appoint counsel. *See People v. Janousek, supra; People v. Norman, supra.* Viewing the relevant evidence as a whole and in the light most favorable to the People, we conclude that the motion for acquittal should have been denied. *See People v. Jackson, supra.*

Accordingly, we conclude the trial court erred in dismissing the charge of attempt to influence a public servant.

### IV. Offering a False Instrument for Recording

 The People finally contend the trial court erred in dismissing the charge of offering a false instrument for recording. Again, we agree.

A person commits offering a false instrument for recording in the first degree if, knowing that the written instrument relating to or affecting real or personal property or directly relating to contractual relationships contains a material false statement or material false information, and with intent to defraud, he or she presents or offers it to a public office or a public employee, with the knowledge or belief that it will be registered, filed, or recorded or become part of the records of that public office or public employee. Section 18-5-114(1), C.R.S.2005.

Here, the trial court found, "[T]here's no evidence whatsoever that the defendant offered any instrument for recording. The Court finds that the filing of a document or submitting a document to the Court is not a recording and, therefore, dismisses that charge."

However, it is undisputed that Schupper's application for court-appointed counsel was filed with the county court clerk on April 11, 2001. Because § 18-5-114(1) provides for written instruments to be "registered, filed, or recorded or become part of the records of that public office or public employee," evidence of filing an instrument may be introduced in lieu of evidence of recording.

Because in the trial court Schupper did not challenge whether the information charging this crime was sufficient or whether the ap-

plication constituted a written instrument, we will not consider these issues on appeal. *See People v. McNeely,* 68 P.3d 540 (Colo.App. 2002).

Accordingly, we conclude the trial court erred in granting Schupper's motion for judgment of acquittal on all charges.

The trial court's ruling is disapproved.

Judge MÁRQUEZ and Judge DAILEY concur.