STATE of Missouri, Respondent,

v.

James A. McGEE, Appellant.

No. 56422.

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Donald L. Mason, Raymond, West, Mason & Shy, Kansas City, for appellant.

BARRETT, Commissioner.

In October 1970 James McGee, upon a charge of possession of marijuana, Cannabis Sativa (RSMo 1969, §§ 195.010, 195.020, V.A.M.S.), waived jury trial, was found guilty by the court and sentenced to six months' imprisonment. RSMo 1969, V.A.M.S. § 195.200. Upon this direct appeal the meritorious and determinative question is whether the evidence was sufficient to support a finding of guilt.

Admittedly, there was no proof of actual, physical possession of marijuana by the appellant McGee and the problem is whether the circumstantial evidence and its reasonable inferences permit a finding of constructive possession and hence a finding of guilt within the meaning of the statutes. State v. Young, Mo., 427 S.W.2d 510. This, in brief, was the state's proof: On October 10, 1970, the sheriff of Platte County and his deputies had a house just west of Highway 71 on 115th Street under surveillance, they were attracted to the premises by the number of people entering and leaving the residence at that location. Based on what they had seen and heard the officers secured a warrant authorizing them to make a search of the house and seize marijuana and any "apparatus for use of narcotic drugs." Just prior to the search, about 9:30 or 10:00 o'clock, the officers had looked through a large "picture window" and saw 6, 7 or 8 young men and women sitting around a large circular table —among others at the table was James McGee. As the officers entered the house "(e)veryone (including McGee) faded away from the table"—pushed their chairs back towards the wall. The officers took photographs of the interior of the house and particularly of the table and then proceeded to seize certain items from the table. The items seized from the table were a "brown leather pouch," an aluminum carton for millimeter film and a "pill bottle"—all or some of these contained a leafy material later described as marijuana. There was also a "plastic container" and in it there were several "roaches"—the butts of marijuana cigarettes. There was a wine bottle on the table, five "coke" bottles and other objects as well as books and papers but these were not seized or offered in evidence by the state. The appellant's person was searched and no marijuana or any narcotic paraphernalia was found on

his person. McGee occupied the southwest bedroom but marijuana was not found in that room or in his possessions. McGee made no statement to the officers during or immediately following the search and seizure. In a northwest bedroom occupied by one of McGee's friends, Gins, some marijuana was found. One of the officers said that a day or so after the search he told McGee that he had searched the southwest bedroom and McGee asked "if I found any marijuana or anything in his bedroom." While not established by the state it should be added that three days prior to the search and seizure McGee, Gins and Koegler had rented the house on 115th Street, had paid deposits and had the utilities turned on and had moved into the house agreeing to share the rent and expenses. This is the sum and substance of the state's proof and may in itself be sufficient to dispose of this appeal but to put the case in its precise posture it may be well to note certain other relevant circumstances.

On February 10, 1970, McGee, from Vienna, Virginia, Gins and Koegler were students at Park College. When the case was tried McGee was a student at Franklin Pierce College in New Hampshire. Prior to February they had lived in Park College dormitories, but two or three days prior to February 10th they rented and occupied Mr. Christensen's house on 115th Street. McGee says that he left the house at 7:30 in the morning and went to his classes. At 7:30 that evening he attended a class in creative writing, the class ended about 8:30 and with his friend Davenport they went by the girls' dormitory and picked up their "girl friends," Valerie and Debbie, to show them the house they had rented. As he went through the basement he picked up a bottle of wine. He showed the girls through the house "opened the bottle of wine and sat down in the living room to drink a glass of wine." There were two other girls and two other boys in the living room when McGee and his companions came in, "put on a record" and sat down, McGee "on the floor next to the chair,"

his bottle of wine on the table. The officers entered, had them "stand against the wall," and "searched our person or whatever." In describing the table he said: "The table was common grounds for anything, books, bottles, notebooks" and he was surprised that there were not more objects on it. When handed the exhibits, the plastic container, the metal box and the pillbox he said that he had not seen them prior to the time he entered the house on February 10th, he did not know that they contained marijuana and said that he was not aware of the presence of marijuana on the premises.

In the totality of these circumstances it is not necessary to consider the niceties of the statutory offense of possession of marijuana, joint control, knowledge—even the essential elements of the offense and the standards of proof. It is sufficient here to say that there were no corroborating, incriminating circumstances—in addition to joint control of the premises as in State v. Burns, Mo., 457 S.W.2d 721 and State v. McAllister, Mo., 468 S.W.2d 27, in which the cases are collected and the niceties of proof and the differentiating circumstances are noted. As stated, the only proof here is of joint control of the premises and at the search the insufficient circumstance of McGee's "proximity to persons or locations with drugs about them." Annotation 91 A.L.R.2d 810. In these circumstances it may not be necessary to cite all but precisely similar instances from other jurisdictions, if any are needed the following cases and their general rules apply. Frank v. State, Fla.App., 199 So.2d 117; Petty v. People, Colo., 447 P.2d 217, and, a case tried by the court, Markman v. State, Fla. App., 210 So.2d 486. In short, the proof in this case, including the permissible inferences, is insufficient to support the necessary finding of all the elements of the offense of possession of marijuana, hence the judgment is reversed and the defendant McGee discharged.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.