PEOPLE v BERCHENY

OPINION OF THE COURT

1. SEARCHES AND SEIZURES—SEARCH WARRANT—PROBABLE CAUSE—NARCOTICS.

A reviewing court will sustain a magistrate's determination of probable cause for the issuance of a search warrant so long as there is a substantial basis to conclude that narcotics were probably present.

2. SEARCHES AND SEIZURES—PROBABLE CAUSE—AFFIDAVIT.

Affidavit in support of a search warrant, viewed in a common sense manner, afforded the magistrate sufficient probable cause to issue a search warrant and his action was proper where he was adequately informed of the underlying circumstances upon which a finding of probable cause for issuance of a warrant could properly be based.

3. POISONS—HEROIN—POSSESSION—CONTROL—EVIDENCE.

The people presented sufficient facts for a jury to find "possession" and "control" of heroin as proscribed by statute where the people presented evidence that defendants frequently arrived at a certain premises and remained there for short periods of time, that certain of the defendants left the premises in a manner which indicated that they were under the influence of heroin, that when defendants entered the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Searches and Seizures § 21 et seq.
[2] 47 Am Jur, Searches and Seizures § 24.
[3, 4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons, § 45.
[5] 21 Am Jur 2d, Criminal Law §§ 443, 444.
[6] 20 Am Jur 2d, Courts § 56.
[7] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 46.
[8] 41 Am Jur 2d, Indictments and Informations § 293.
[9] 41 Am Jur 2d, Indictments and Informations § 204.
[10] 53 Am Jur, Trial § 497 et seq.
[11] 20 Am Jur 2d, Courts § 56.
[12] 21 Am Jur 2d, Criminal Law § 356.
[13] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.

premises they went through a certain procedure and the door to the premises was then opened to them, that on the night of a raid defendants were found in a small room in close proximity to heroin and narcotic paraphernalia and that one defendant had blood marks on his shirt and a mark and two red dots on his arm, and another had scars on the inner portions of both arms (MCLA 335.153).

4. Conspiracy—Poisons—Heroin.

Proof of possession and control of heroin was sufficient to allow a jury to find that a conspiracy to possess heroin existed.

5. Criminal Law—Preliminary Examination—Probable Cause—Reasonable Doubt.

A finding of probable cause at a preliminary examination does not require that the guilt of a defendant be established beyond a reasonable doubt.

6. Criminal Law—Appeal and Error—Magistrate—Preliminary Examination—Probable Cause—Discretion.

The Michigan Court of Appeals may not substitute its judgment for that of the magistrate unless there has been a clear abuse of discretion in his determination of probable cause.

7. Poisons—Heroin—Magistrate—Binding Over for Trial—Evidence.

Evidence was sufficient to uphold a magistrate's action in binding defendants over for trial in circuit court on charges of possession of heroin, conspiracy to possess heroin, and control of heroin where defendants were found in one room with heroin and narcotic paraphernalia in their midst, several defendants appeared to be under narcotic intoxication, there was no evidence of alcoholic beverage consumption, there was evidence of heroin being used, and defendants prior to that date were seen entering and leaving the premises often (MCLA 335.153, 750.157a).

8. Indictment and Information—Duplicity—Offenses.

An information is not defective for duplicity if distinct offenses are included within the offense charged.

9. Indictment and Information—Possession of Heroin—Control of Heroin—Amendment of Information.

Amendment to an information charging possession and control of heroin in separate counts, where the original information consolidated the charges, was one of form, and no error was

committed by the failure to afford defendants additional pre-trial proceedings following the amendment.

10. JURY—PREJUDICE.

Defendant's rights were adequately safeguarded where the trial court asked the jury whether "anything occurred that you may have heard of during the past week regarding the circumstances of any other case in this building that would prejudice your verdict pertaining to this jury case in any way", the jury audibly indicated a negative response in unison, and the jurors, upon request, did not raise their hands to indicate the existence of prejudice.

11. APPEAL AND ERROR—JURY—PREJUDICE—DISCRETION.

Judge presiding at a trial and observing the occurrences in the courtroom and elsewhere is in a better position to determine the probability of any conduct upon the part of jurors prejudicial to the rights of defendants than is an appellate court and the action taken by the trial court should not be disturbed on appeal unless it appears that the court's discretion has been improperly exercised.

12. CRIMINAL LAW—WITNESSES—CRIMINAL RECORDS—MOOT QUESTION.

Question of whether it was prejudicial error for the trial court to deny a defense motion to instruct the prosecutor not to question defendants as to their past criminal records was moot where defendants did not take the stand and the question at issue did not arise.

DISSENTING OPINION
T. G. KAVANAGH, J.

13. POISONS—HEROIN—POSSESSION OF HEROIN—USE OF HEROIN—STATUTES—CONSTITUTIONAL LAW.

*Conviction for possession of heroin, conspiracy to possess heroin, and control of heroin should not be permitted to stand because a statute's proscription of possession and use of heroin is unconstitutional.*

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and R. B. Burns and O'Hara, JJ., affirming Wayne, Blair Moody, Jr., J.  Submitted January 6, 1972.  (No. 14 January Term 1972, Docket No. 53,244.)  Decided May 4, 1972.

29 Mich App 443 affirmed.

Andrew Bercheny was convicted of possession of heroin, conspiracy to possess heroin, and control of heroin. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Laurence C. Burgess,* for defendant on appeal.

T. E. BRENNAN, J. Defendant was convicted, along with five others, of possession of heroin; conspiracy to possess heroin; and control of heroin.

The conviction was affirmed on appeal to the Court of Appeals, HOLBROOK, J., writing an extensive opinion treating nine issues raised in great detail. The other members of the appellate panel concurred. *People* v *Iaconis (People v Bercheny),* 29 Mich App 443 (1971).

We granted leave to appeal. This writer and my Brother WILLIAMS dissented from grant of leave.

Nothing presented in the briefs or oral arguments persuades me that the decision of the Court of Appeals was clearly erroneous; or that the subject matter of the appeal involves legal principles of major significance to the jurisprudence of the state; or that the decision of the Court of Appeals is in conflict with other decisions of that Court or decisions of this Court. GCR 1963, 853.1.

The case of *State* v *McGee,* 473 SW2d 686 (Mo, 1971), is distinguishable on its facts. *McGee* involved marijuana in containers; here we have heroin in open piles. In *McGee,* the defendant lived in the house, his presence therefore did not raise the same

inference as in the instant case. In *McGee*, the table was cluttered with objects unrelated to narcotics. The description of the table in this case was of a far different character.

I therefore adopt the opinion of the Court of Appeals in this case, and vote to affirm conviction for the reasons stated therein.

BLACK, ADAMS, SWAINSON, and WILLIAMS, JJ., concurred with T. E. BRENNAN, J.

T. M. KAVANAGH, C. J., concurred in the result.

T. G. KAVANAGH, J. (*dissenting*). In *People v Sinclair*, 387 Mich 91 (1972) for different reasons, a majority of this Court held that the statute proscribing the possession of marijuana was unconstitutional. For the reasons set forth in my opinion in *Sinclair*, I am convinced that the statute's proscription of *possession* and *use* of heroin is equally impermissible.

In my opinion the defendant's conviction here for possession of heroin; conspiracy to possess heroin; and control of heroin should not be permitted to stand.