STATE of Missouri, Respondent,

v.

Kenneth Eugene BRICKLEY, Appellant.

No. 36012.

Missouri Court of Appeals, St. Louis District, Division 2.

March 11, 1975.

point. State v. Holmes, 389 S.W.2d 30, 34 (Mo.1965).

John C. Danforth, Atty. Gen., K. Preston Dean, III, Asst. Atty. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., James R. Hartenbach, Asst. Pros. Atty., Union, for respondent.

Briegel & Kimme, Thomas J. Briegel, Union, for appellant.

CLEMENS, Presiding Judge.

Defendant Kenneth Eugene Brickley was sentenced to six months' imprisonment for possession of marijuana. On appeal, he contends the State failed to prove knowing possession and rendered evidence inadmissible by commingling it.

■ Defendant was arrested after a valid search of his house disclosed the presence of three bags of "green vegetation," identified as marijuana, in the kitchen and dining room, and two marijuana cigarette butts in the basement. Defendant occupied the upstairs portion of the house and his housemate occupied the basement. However, defendant testified he kept and practiced his musical instruments in the basement, and he added that both he and his housemate had the run of the other rooms in the house. Defendant admitted he saw the bags of green vegetative matter in the refrigerator a week before the search, but testified he had told his housemate to remove the bags or move out of the house, and added he was unaware of the bags' presence at the time of seizure. A frequent house guest of defendant's corroborated his testimony.

■ Defendant relies upon State v. McGee, 473 S.W.2d 686 (Mo.1971), in contending the State failed to prove knowing possession of marijuana. The *McGee* court reversed a possession conviction of a defendant who shared an apartment with others. Police found the apartment's occupants near a table covered with drugs and drug apparatus. They also found marijuana in some occupants' exclusively controlled bedrooms, but not in defendant's exclusively controlled bedroom. The court held a defendant's mere proximity to persons using drugs did not constitute proof of defendant's possession. With that holding we agree. However, the *McGee* case is not our case, since defendant Brickley had access to and did use the basement area of his housemate, and since both men used the kitchen and dining room as common areas.

■ Actual possession is not necessary to sustain a conviction; constructive possession will suffice where, as here, other facts buttress an inference of defendant's knowledge of the presence of drugs. One such incriminating fact is a defendant's access to an area in which drugs are found. 56 ALR3d 946 et seq., State v. Worley, 375 S.W.2d 44 [3] (Mo.1964).

■ Defendant argues he had no knowledge of the drugs' presence at the time of seizure. Yet he testified he had seen the bags in the house a week earlier and admitted his fingerprints may have been on the bags. Since knowledge of the presence

**18**

of marijuana can be inferred from its presence on premises occupied by a defendant, the credibility of defendant's testimony was for the jury. As was said in State v. Virdure, 371 S.W.2d 196 [7, 8] (Mo.1963): "'A defense that accused had no knowledge of the presence of the drug in his possession merely creates a conflict with a prima facie case made out by the prosecution showing possession.' The credibility of defendant's testimony as to his lack of knowledge that the marijuana was on his premises . . . and the access that other persons had to . . . his property was for the jury."

■■ Defendant's second contention is the State rendered its evidence inadmissible by commingling the bags of green vegetation with the cigarette butts. We find the comingling did not prejudice defendant, since he was in possession of all marijuana found in the house. Defendant did not object to the chain of custody at trial, and we cannot assume the exhibits at trial differed from those seized. State v. Heather, 498 S.W.2d 300 [10] (Mo.App.1973).

Judgment affirmed.

KELLY and STEWART, JJ., concur.