STATE of Missouri, Plaintiff–
Respondent,

v.

Stephen W. CARTWRIGHT,
Defendant–Appellant.

No. 18632.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 14, 1994.

Donald R. Cooley, Springfield, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CHARLES B. BLACKMAR, Senior Judge.

The defendant was tried along with William T. Joyce on charges of trafficking drugs in the second degree, in violation of § 195.223, RSMo Supp.1993. Both defendants waived trial by jury and agreed that the hearing on the motion to suppress evidence could stand as the trial of the case. The defendant was sentenced to seven years' imprisonment, and prosecutes his separate appeal from the conviction. We affirm.

The facts are fully set out in our opinion in *State v. Joyce,* 885 S.W.2d 751 (Mo.App.S.D. 1994), and need not be repeated. Without discussing the question of the defendant's right to question the seizure of the automobile rented by Joyce and the search of the trunk and its contents (*see State v. Childress,* 828 S.W.2d 935, 939 (Mo.App.1992)), we conclude, for the reasons stated in the *Joyce* opinion, that the trial court properly overruled the motion to suppress.

The defendant argues, however, that the evidence is not sufficient to support a finding that he knowingly possessed the marijuana found in the trunk. He, of course, was not the lessee of the Buick, and he contends that there is no evidence directly connecting him with the contents of the trunk, or demonstrating his knowledge of the contents. Knowing possession, however, may be established by circumstantial evidence. *State v. Purlee,* 839 S.W.2d 584, 587[3] (Mo. banc 1992). From the record it appears: (1) that the defendant by his own admission was travelling with Joyce on a somewhat unusual journey to a common destination; (2) that he was driving the vehicle at least part of the time; and (3) that bags of which he admitted ownership were in the trunk on top of a blanket covering the duffle bags containing marijuana. The trial court could also consider the defendant's admission that he knew the contents of the trunk, when he told Trooper Replogle that it contained ski equipment and clothing. The speedy attempt at withdrawing his admission, followed by the statement that he did not know the contents of the trunk, is a circumstance which the trial judge might consider probative of guilty knowledge. The trier of the fact might think it unlikely that the defendant would enter on a long journey with Joyce, with his personal belongings separated from the contraband only by a blanket, without knowing the contents of the duffle bags.

*Purlee,* which also involved a strange journey and the presence of the defendant's luggage next to the contraband, amply supports the judgment. There was the additional fact of a strong odor of marijuana within the vehicle, but here there was a definite admission of a common journey and purpose, whereas, in *Purlee,* the defendant asserted that he simply picked up a ride on the spur of the moment.

We do not find the defendant's citations persuasive. In *State v. West,* 559 S.W.2d 282 (Mo.App.1977), the court held that recently acquired ownership of an automobile did not support a finding of knowing possession of a bottle of pills found in the trunk, when it appears that others had access to the vehicle. In *State v. Barber,* 635 S.W.2d 342 (Mo.1982), the court held that the evidence failed to establish that the defendant, who was not the lessee of the premises and who had no controlled substances on his person, had knowing possession of the drugs, when others were present at the time of the arrest and had equal access. *State v. McGee,* 473 S.W.2d 686 (Mo.1971), is similar to *West. State v. Stewart,* 542 S.W.2d 533 (Mo.App. 1976), supports the state's position.

The judgment is affirmed.

PARRISH, C.J., and SHRUM, J., concur.